IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DARA M. GELOF,

   Plaintiff,

v.              C.A. No. 11-483-LPS

GEORGE B. SMITH, ESQUIRE and
SMITH, O'DONNELL, FEINBERG & BERL LLP,

   Defendants.

## MEMORANDUM ORDER

At Wilmington this 3rd day of February, 2012:

Pending before the Court is a Motion to Dismiss (D.I. 6) filed by defendants George B. Smith, Esq. and Smith, O'Donnell, Feinberg & Berl LLP (collectively, "Defendants") as well as a Motion for Leave to File a Second Amended Complaint (D.I. 10 and, hereinafter, "Leave Motion") filed by plaintiff Dara M. Gelof ("Plaintiff"). For the reasons discussed below, the Court will grant Plaintiff's Leave Motion and deny as moot Defendants' Motion to Dismiss.

### I.  BACKGROUND[1]

#### A.  Factual Background

Plaintiff is the daughter of Helen and Malvin Gelof. (D.I. 5, Ex. A at ¶ 1) Helen Gelof died on December 30, 2006, leaving a will ("Helen Gelof Will") dated July 23, 1993. (D.I. 5 at ¶¶ 6, 10) Helen Gelof also established a trust by agreement dated July 23, 1993. (*Id.* at ¶ 6)

---

[1]In reviewing a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

1

Pursuant to the terms of the trust, upon Helen Gelof's death, Malvin Gelof would receive all of the trust income for the rest of his life and also have the ability to withdraw up to five percent of the value of the trust each year. (*Id.* at ¶ 16) Upon Malvin's death, the trust assets would pass equally to Plaintiff and her brother, Adam Gelof. (*Id.*)

Article Ninth of the Helen Gelof Will states:

> I nominate and appoint the following, in succession and in the order listed (where more than one willing and able designee is named in any particular number, then all willing and able designees in that number shall serve as co-executors), as Executors of this Will. (1) my Husband, MALVIN GELOF; and (2) my son, ADAM DAVID GELOF, and my daughter, DARA MEREDITH GELOF, or the survivor thereof.

(*Id.* at ¶ 7, Ex. A) Although nominated, Malvin Gelof was never appointed as personal representative of the estate of Helen Gelof ("Helen Gelof Estate"). (*Id.* at ¶ 11) On April 16, 2008, less than twenty-four hours before his death, Malvin renounced the role of personal representative of the Helen Gelof Estate. (*Id.* at ¶ 12) Plaintiff alleges that in connection with Malvin's renunciation, he and Adam Gelof participated in a scheme whereby, notwithstanding Article Ninth of the Helen Gelof Will, Adam became the sole successor personal representative. (*Id.* at ¶ 13) On April 25, 2008, Adam was appointed sole successor personal representative of the Helen Gelof Estate by the Register of Wills for Kent County, Delaware. (*Id.* at Ex. C ¶ 11) Plaintiff did not receive any notice of this appointment. (*Id.*)

Malvin Gelof died on April 17, 2008. (*Id.* at Ex. C ¶ 3) He left a will ("Malvin Gelof Will") naming Plaintiff and Adam Gelof as co-executors. (*Id.* at ¶¶ 9-10, Ex. B) Under the terms of the Malvin Gelof Will, Plaintiff and Adam became co-executors upon the death of their mother. (D.I. 5 at ¶ 9) There was also a codicil to the Malvin Gelof Will ("Malvin Gelof

2

Codicil") that Malvin executed on April 16, 2008, less than twenty four hours before his death, in which he named Adam as the sole executor of his estate. (*Id.* at ¶ 17) Additionally, Malvin had, on July 23, 1993, executed a trust ("Malvin Gelof Trust"). (*Id.* at Ex. C ¶ 19) There is also an amendment to the Malvin Gelof Trust ("Malvin Gelof Trust Amendment") dated April 16, 2008. (*Id.* at Ex. C ¶ 20) Like the Malvin Gelof Codicil, the Malvin Gelof Trust Amendment was executed less than twenty four hours prior to Malvin's death. (*Id.*) While Plaintiff and Adam were named as successor co-trustees under the terms of the Malvin Gelof Trust, in the Malvin Gelof Trust Amendment only Adam was named as successor trustee. (*Id.* at Ex. C ¶ 21)

In August 2008, Plaintiff became aware of the Malvin Gelof Codicil. (D.I. 5 at ¶ 18) Subsequently, on December 20, 2008, Plaintiff was informed of the provisions of the Malvin Gelof Trust Amendment. (*Id.*) At all times relevant to this proceeding, it is alleged that Defendant Smith represented Plaintiff and Adam as co-executors under the Malvin Gelof Will. (*Id.* at ¶ 9)

### B. Procedural History

On May 31, 2011, Plaintiff filed a Complaint against Defendants asserting claims for legal malpractice, breach of fiduciary duty, and respondeat superior liability. (D.I. 1) Subsequently, on July 7, 2011, Plaintiff filed an Amended Complaint. (D.I. 5) In response, Defendants filed a Motion to Dismiss. (D.I. 4) On August 25, 2011, Plaintiff filed her Leave Motion. (D.I. 10) The parties completed briefing on these motions on September 29, 2011. (D.I. 14)

## II. LEGAL STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive

3

pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial;" (2) "significantly delay the resolution of the dispute;" or (3) "prevent [a party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Cureton*, 252 F.3d at 273 (explaining party may suffer

4

undue prejudice if proposed amendment causes surprise or results in additional discovery, additional costs, or additional preparation to defend against new facts or theories alleged). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules," it is also true that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273.

### III. PARTIES' CONTENTIONS

In their Motion to Dismiss, Defendants contend that the Proposed Second Amended Complaint (D.I. 10, Ex. 2 and, hereinafter, "Proposed Complaint") fails to state a claim because: (1) all claims are barred by the applicable statute of limitations; (2) Plaintiff has not established the existence of an attorney-client relationship; and (3) any damages arising from the alleged legal malpractice will be paid from the Malvin Gelof Estate.

In response, Plaintiff contends that the Proposed Complaint resolves the issues raised by Defendants in their Motion to Dismiss. First, Plaintiff asserts that the Proposed Complaint adequately pleads facts indicating that Plaintiff was "blamelessly ignorant" of Defendants' alleged negligence and that the negligence was "inherently unknowable" to Plaintiff, such that Plaintiff can avail herself of the discovery rule exception to the running of the statute of limitations. (D.I. 10 at 2-3) Thus, according to Plaintiff, at a minimum, the Proposed Complaint "will create a factual dispute as to when Plaintiff first became aware of the changes to her father's estate documents." (*Id.* at 3) Second, Plaintiff asserts that the Proposed Complaint adequately alleges the existence of an attorney-client relationship because the factual narrative section of the Proposed Complaint excerpts various email exchanges between Plaintiff and Defendant Smith which demonstrate an attorney-client relationship by implication. (D.I. 13 at

5

15-17) Finally, Plaintiff argues that the Proposed Complaint adequately alleges damages in the form of legal fees she had to pay to prevent her brother from dissipating estate assets. (D.I. 10 at 4; D.I. 13 at 19-20)

## IV. DISCUSSION

The Court concludes that Plaintiff's Proposed Complaint adequately pleads claims for legal malpractice, breach of fiduciary duty, and respondeat superior; consequently, amendment is not futile. First, the allegations of the Proposed Complaint, taken as true, establish that she was not, and could not have been, aware of the changes to her father's estate documents prior to receipt of the August 4, 2008 email. Although Defendants contend that Plaintiff should have known of these changes at an earlier time, the Court cannot draw that conclusion at this stage of the proceedings. Thus, it is not clear from the face of the Proposed Complaint that the three-year statute of limitations bars Plaintiff's claims, and dismissal on this ground would be improper. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) (noting that statute of limitations dispute can only be resolved on motion to dismiss if it is clear from face of complaint that statute of limitations bars claim). Additionally, the Proposed Complaint explicitly pleads that Plaintiff was "blamelessly ignorant of Defendants' malfeasance as herein complained of until August 4, 2008, and December 20, 2008 when Defendant finally sent the subject matter estate documents as herein alleged" and further that "[a]s a result of the Defendant's concealment of the changes Defendant made to her father's estate planning documents Defendants' malfeasance was inherently unknowable to Plaintiff." (D.I. 10, Ex. 2 at ¶¶ 76-77) By these allegations, Plaintiff is invoking the discovery rule exception to the running of the statute of limitations. *See generally David B. Lilly Co. v. Fisher*, 18 F.3d 1112, 1117 (3d

6

Cir. 1994) (stating Delaware's discovery rule exception to running of statute of limitations is applicable where injuries are "inherently unknowable" and "sustained by a blamelessly ignorant plaintiff") (internal quotation marks omitted). Therefore, again, the Proposed Complaint adequately pleads that Plaintiff filed this lawsuit within the requisite three-year statute of limitations.[2]

Additionally, the Proposed Complaint adequately pleads that an attorney-client relationship existed between Defendant Smith and Plaintiff. Delaware law recognizes that an "attorney-client relationship may be inferred from the conduct of parties" in the absence of an express agreement. *See DeNardo v. Rodriguez*, 1993 WL 81319, at *4 (Del. Super. Feb. 12, 1993). The Proposed Complaint includes various emails exchanged between Plaintiff and Defendant Smith, which contain facts to support the existence of an attorney-client relationship. Specifically, the email exchanges allege that Plaintiff sought the advice and assistance of Defendant Smith regarding "legal matters . . . relating to the real estate business of rentals" and regarding her father's estate. (*See* D.I. 10, Ex. 2 at ¶¶ 21, 27, 35) The email exchanges also support the conclusion that Defendant Smith provided the requested legal services. (*See id.* at ¶¶ 22, 24, 28, 38-40, 42) Moreover, the email exchanges, taken in a light most favorable to Plaintiff, show that Plaintiff relied on him to provide advice regarding her father's estate planning. (*See id.* at ¶ 28, 65) Accordingly, Plaintiff has sufficiently pled that an attorney-client relationship existed. *See generally Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 155-56 (3d Cir. 2001) (quoting Restatement of Law Governing Lawyers for proposition that

---

[2]It is undisputed that this action is governed by a three-year statute of limitations period. (*See* D.I. 7 at 12; D.I. 13 at 19)

7

attorney-client relationship is established when: "(1) a person informs a lawyer that he or she wants the lawyer to provide legal services with respect to a given matter; (2) the lawyer does not refuse; and (3) the lawyer knows or should know that the person reasonably relies on the lawyer to provide such services").

Finally, the Proposed Complaint adequately pleads damages. The Proposed Complaint explicit alleges that "[h]ad Plaintiff known of the changes being made to her parents' estate documents she would have been able to obtain separate counsel and thereby avoid substantially all of the $600,000 paid to Mr. Bacon and his law firm," and further requests damages in the form of attorney's fees for the prosecution of this case. (D.I. 10, Ex. 2 at ¶¶ 95-96)

Because the Proposed Complaint states valid claims against Defendants, permitting amendment is not futile. Further, there is no indication that Defendants will suffer any prejudice if Plaintiff is granted leave to amend. Accordingly, the Court will grant Plaintiff's Leave Motion. The Court's decision to grant Plaintiff's Leave Motion renders Defendants' Motion to Dismiss the First Amended Complaint procedurally moot.

## IV. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Plaintiff's Leave Motion (D.I. 10) is **GRANTED** and Defendants' Motion to Dismiss (D.I. 6) is **DENIED AS MOOT**. Plaintiff shall file the Proposed Complaint within seven (7) days of the date of this Memorandum Order.

_____
UNITED STATES DISTRICT JUDGE